UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AVIDITY PARTNERS, LLC, as Trustee for and on
behalf of HLI CREDITOR TRUST,

                     Plaintiff,

          -against-

ZEV COHEN,
ESTHER COHEN-BROOKS,
DAVID DEITSCH,
DEBORAH DEITSCH FELT,
SHOSHANA DEITSCH SHOTKIN,
AVI DEITSCH TRUST,
DAVID DEITSCH TRUST,
BENJAMIN ARYEH DEITSCH 1992 TRUST,
ELIE DEITSCH GRANTOR TRUST,
GLORIA DEITSCH (in her capacity as Trustee of the
      Avi Deitsch Trust, the David Deitsch Trust, the
      Benjamin Aryeh Deitsch 1992 Trust, and the
      Elie Deitsch Grantor Trust),
ALFRED FEINMAN,
DORIS L. FRANK,
LESTER A. GREENBERG,
JAN W. GREENBERG,
MYRON GREENBERG,
THE ALISON J. HEFFER 1992 TRUST,
THE DOUGLAS S. HEFFER 1992 TRUST,
THE JANE HEFFER GALLUZZO TRUST,
JOHN M. HEFFER (in his capacity as Trustee of The
      Alison J. Heffer 1992 Trust, The Douglas S.
      Heffer 1992 Trust, and Jane Heffer Galluzzo
      Trust),
GERALD I. LUSTIG,
ROSALIND F. LUSTIG,
SUSAN KAY MCCOMSEY,
BESS MYERSON,
PATRICIA D.G. RAMSAY 1985 TRUST,
JOHN J. O'NEIL (in his capacity as Trustee of
      the Patricia D.G. Ramsay 1985 Trust),
MARIAN SOFAERS CHILDREN TRUST,
JOAN SCHEUER (in her capacity as Trustee of the
      Marian Soafers Children Trust),
MARIAN B. SCHEUER SOFAER TRUST,
RICHARD SCHEUER (in his capacity as co-Trustee of
      the Marian B. Scheuer Sofaer Trust),

**COMPLAINT**

CIV. NO. _____

KAYLA FRANCES GOLDMAN 1997 TRUST,
AMY G. BERMINGHAM (in her capacity as co-
    Trustee of the Kayla Frances Goldman 1997
    Trust)
FREDERICK J. ISEMAN,
LINDA LEROY JANKLOW,
MORTON L. JANKLOW,
JANKLOW FOUNDATION,
ANA MEIER,
JOSEPH MEIER,
HELEN KIMMEL,
DOROT FOUNDATION,
HELLER FAMILY FOUNDATION,
THE PAESTUM FOUNDATION, INC.,
LEVIEN ASSOCIATES LP,
MT. SINAI SCHOOL OF MEDICINE,
LINDA B. WEINGARTEN,
KAGAN PENSION PLAN
JONATHAN M. KAGAN (in his capacity as Trustee or
    administrator of the Kagan Pension Plan),
WILLIAM JOSEPHSON,
ROBERT STEPHAN COHEN,
PEGGY COHEN,
LAWRENCE A. SCHNECK,
HOWARD W. SHAWN,
GISELE SCHUELLER,
LOIS SCHWARTZ,
SAMUEL ZUCKER,
AMERICAN JEWISH JOINT DISTRIBUTION
COMMITTEE INC., and
JANE and JOHN DOES 1 through 50, said persons
and/or entities being fictitious and intended to represent
certain shareholders whose identities are currently
unknown,

                    Defendants.

        Plaintiff Avidity Partners, LLC (the "Trustee"), as Trustee for and on behalf of

HLI Creditor Trust ("Creditor Trust"), by its attorneys, King & Spalding LLP, as and for its

complaint alleges, upon knowledge as to itself and otherwise upon information and belief, as

follows:

2

**NATURE OF THE ACTION**

1.      Trustee brings this action on behalf of the Creditor Trust to recover as constructively fraudulent transfers more than $3.9 million transferred to defendants by Hayes Lemmerz International, Inc. ("HLI") in October 2000 pursuant to a stock repurchase program. Each of the defendants named in their individual capacities were shareholders of HLI and sold their shares to HLI pursuant to the stock repurchase program. HLI was insolvent at the time of the transfers or rendered insolvent by such transfers. HLI did not receive fair consideration for the transfers and the transactions should be avoided for the benefit of HLI's creditors pursuant to the New York Debtor and Creditor Laws and Section 544(b) of title 11 of the United States Code (the "Bankruptcy Code"). Therefore, Trustee seeks an order and judgment in favor of the Creditor Trust commanding Defendants immediately to return the proceeds paid to them in exchange for their HLI common stock.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over this Complaint pursuant to 11 U.S.C. §§ 544, 550 and 551 and 28 U.S.C. §§ 1331 and 1334(b).

3.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1409(c). Defendants reside in or are otherwise located in New York and the material events took place in New York City.

**THE PARTIES**

4.      Plaintiff Avidity Partners, LLC is the Trustee of the Creditor Trust. Creditor Trust is a liquidating trust created for the benefit of certain of HLI's unsecured creditors pursuant to HLI's Modified First Amended Joint Plan of Reorganization (the "Modified Plan"), which was confirmed by an order of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered on May 12, 2003 (the "Order").

3

5.      As set forth in Section 10.2 of the Modified Plan, the Trust Claims were vested in the Creditor Trust.  Trust Claims are defined in Section 1.217 of the Modified Plan to include, among other things, causes of action against persons arising under any of Sections 502, 510, 541 through 545, 547 through 551 and 553 of the Bankruptcy Code or under related state or federal statutes and common law (the "Trust Avoidance Actions").  Pursuant to the Section 10.3(c) of the Modified Plan and the Order, the Creditor Trust is authorized to, among other things, pursue and settle Trust Claims, such as the claims alleged herein.  Trustee is authorized to pursue and settle the Trust Claims on behalf of the Creditor Trust.

6.      Defendant Zev Cohen is an individual with a last known address in Lawrence, New York.

7.      Defendant Esther Cohen-Brooks is an individual with a last known address in Lawrence, New York.

8.      Defendant David Deitsch is an individual with a last known address in Flushing, New York.

9.      Defendant Deborah Deitsch Felt is an individual with a last known address in Richmond Hill, New York.

10.     Defendant Shoshana Deitsch Shotkin is an individual with a last known address in Forest Hills, New York.

11.     Defendant Avi Deitsch Trust is a trust.  Gloria Deitsch serves as its trustee and her last known address is in Monsey, New York.

12.     Defendant David Deitsch Trust is a trust.  Gloria Deitsch serves as its trustee and her last known address is in Monsey, New York.

13.     Defendant Benjamin Aryeh Deitsch 1992 Trust is a trust.  Gloria Deitsch serves as its trustee, and her last known address is in Monsey, New York.

4

14. Defendant Elie Deitsch Grantor Trust is a trust. Gloria Deitsch serves as its trustee and her last known address is in Monsey, New York.

15. Defendant Gloria Deitsch is named solely in her capacity as trustee of the Avi Deitsch Trust, the David Deitsch Trust, the Benjamin Aryeh Deitsch 1992 Trust, and the Elie Deitsch Grantor Trust. Ms. Deitsch's last known address is in Monsey, New York.

16. Defendant Alfred Feinman is an individual with a last known address in Purchase, New York.

17. Defendant Doris L. Frank is an individual with a last known address in New York, New York.

18. Defendants Lester A. Greenberg and Jan W. Greenberg are individuals with a last known address in Rhinebeck, New York.

19. Defendant Myron Greenberg is an individual with a last known address in New York, New York.

20. Defendant The Alison J. Heffer 1992 Trust is a trust. John M. Heffer serves as its trustee and has a last known address in Chappaqua, New York.

21. Defendant The Douglas S. Heffer 1992 Trust is a trust. John M. Heffer serves as its trustee and has a last known address in Chappaqua, New York.

22. Defendant The Jane Heffer Galluzzo Trust is a trust. John M. Heffer serves as its trustee and has a last known address in Chappaqua, New York.

23. Defendant John M. Heffer is named solely in his capacity as trustee of The Alison J. Heffer 1992 Trust, The Douglas S. Heffer 1992 Trust, and the Jane Heffer Galluzzo Trust. Mr. Heffer has a last known address in Chappaqua, New York.

24. Defendant Gerald I. Lustig is an individual with a last known address in New York, New York.

5

25.     Defendant Rosalind F. Lustig is an individual with a last known address in New York, New York.

26.     Defendant Susan Kay McComsey is an individual with a last known address in Briarcliff Manor, New York.

27.     Defendant Bess Myerson is an individual with a last known address in New York, New York.

28.     Defendant Patricia D.G. Ramsay 1985 Trust is a trust.  John J. O'Neill serves as its trustee of the trust and is located in New York, New York.

29.     Defendant John J. O'Neill is named solely in his capacity as the trustee of the Patricia D.G. Ramsay 1985 Trust. Mr. O'Neill is located in New York, New York.

30.     Defendant Marian Soafers Children Trust is a trust.  Defendant Joan Scheuer serves as its trustee of the trust and has a last known address in Larchmont, New York.

31.     Defendant Joan Scheuer is named solely in her capacity as the trustee of the Marian Soafers Children Trust.  Ms. Scheuer has a last known address in Larchmont, New York.

32.     Defendant Marian B. Scheuer Sofaer Trust is a trust.  Richard Scheuer serves as its trustee and has a last known address in Larchmont, New York.

33.     Defendant Richard Scheuer is named solely in his capacity as the trustee of the Marian B. Scheuer Sofaer Trust and has a last known address in Larchmont, New York.

34.     Defendant Kayla Frances Goldman 1997 Trust is a trust.  Amy G. Bermingham serves as its trustee of the trust. Amy G. Bermingham is located in New York, New York.

35.     Defendant Amy G. Bermingham is named solely in her capacity as a trustee of the Kayla Frances Goldman 1997 Trust.  Ms. Bermingham is located in New York, New York.

36.     Defendant Frederick J. Iseman is an individual and has a last known address in New York, New York.

37.     Defendant Linda Leroy Janklow is an individual and has a last known address in New York, New York.

38.     Defendant Morton L. Janklow is an individual and has a last known address in New York, New York.

39.     Defendant Janklow Foundation is a New York non-profit corporation with its principal place of business in New York, New York.

40.     Defendant Ana Meier is an individual with a last known address in New York, New York.

41.     Defendant Joseph Meier is an individual with a last known address in New York, New York.

42.     Defendant Helen Kimmel is an individual with a last known address in New York, New York.

43.     Defendant Dorot Foundation is a New York non-profit corporation with its principal place of business in New York, New York and whose registered agent is located in New York, New York.

44.     Defendant Heller Family Foundation is located in New York, New York.

45.     Defendant The Paestum Foundation, Inc. is a non-profit corporation with its principal place of business in New York, New York.

46. Defendant Levien Associates LP is a New York limited partnership with its principal place of business in New York, New York.

47. Defendant Mt. Sinai School of Medicine is a New York non-profit corporation with its principal place of business in New York, New York.

48. Defendant Linda B. Weingarten is an individual with a last known address in New York, New York.

49. Defendant Kagan Pension Plan is an entity. Jonathan M. Kagan serves as the trustee or administrator of the Kagan Pension Plan and has a last known address in New York, New York.

50. Defendant Jonathan M. Kagan is an individual named solely in his capacity as the trustee or administrator of the Kagan Pension Plan and has a last known address in New York, New York.

51. Defendant William Josephson is an individual with a last known address in Brooklyn, New York.

52. Defendant Robert Stephan Cohen is an individual with a last known address in New York, New York.

53. Defendant Peggy Cohen is an individual with a last known address in New York, New York.

54. Defendant Lawrence A. Schneck is an individual with a last known address in White Plains, New York.

55. Defendant Howard W. Shawn is an individual with a last known address in Scarsdale, New York.

56. Defendant Gisele Schueller is an individual with a last known address in Remsenburg, New York.

8

57.     Defendant Lois Schwartz is an individual with a last known address in Bellerose, New York.

58.     Defendant Samuel Zucker is an individual with a last known address in New York, New York.

59.     Defendant American Jewish Joint Distribution Committee Inc. is a New York non-profit corporation with offices located in New York, New York.

60.     Based upon information provided to Trustee by Neuberger Berman LLC ("Neuberger"), each of the Defendants named in their individual capacities (the "Shareholder Defendants") owned shares of common stock of HLI as of September 28, 2000 and (as described below) sold their shares to HLI in October 2000.  In the event that other persons or entities are later identified as the actual or true owner of the HLI common stock alleged herein to be owned and sold by the Shareholder Defendants, Trustee includes Defendants Jane and John Does numbered 1 through 50 to stand as placeholders for all such persons and entities.

## STATEMENT OF THE FACTS

61.     HLI maintained a stock repurchase program from July 2000 through October 2000, pursuant to which HLI tendered cash to certain former shareholders in exchange for HLI common stock.

62.     As part of this program, Neuberger, on behalf of the Shareholder Defendants and other HLI shareholders, and HLI entered into a Stock Purchase Agreement, dated as of September 29, 2000 (the "Stock Purchase Agreement").  Pursuant to the Stock Purchase Agreement, each of the Shareholder Defendants received cash from HLI in exchange for their HLI common stock.

63.     In particular, HLI repurchased 318,100 shares of its common stock from the Shareholder Defendants for an aggregate purchase price of $3,976,250 (the "Proceeds") at

the price of $12.50 per share (collectively, the "Transfers"). The number of shares delivered to HLI and the amount of proceeds transferred to each Shareholder Defendant is attached hereto as Exhibit A, which is incorporated herein by reference. Upon information and belief, and as provided for in the Stock Purchase Agreement, the closing for the Transfers took place on October 4, 2000 in the New York offices of HLI's counsel.

64.     The Stock Purchase Agreement constituted an obligation incurred by HLI.

65.     The Transfers constituted the transfers of an interest of HLI in property.

66.     At the time HLI incurred the obligations under the Stock Purchase Agreement, HLI was insolvent or rendered insolvent by the obligations incurred to the Shareholder Defendants.

67.     At the time HLI made the Transfers to the Shareholder Defendants, HLI was insolvent or rendered insolvent by the conveyances made to the Shareholder Defendants.

68.     HLI received less than fair consideration for the Transfers to the Shareholder Defendants.

69.     Pursuant to an Indenture, dated as of December 14, 1998, HLI (through a predecessor entity) issued 8.25% Senior Subordinated Notes due December 2008 in the aggregate principal amount of $250 million (the "8.25% Notes"). Pursuant to an Indenture, dated as of June 30, 1997, HLI (through a predecessor entity) issued 9.125% Senior Subordinated Notes due June 2007 in the aggregate principal amount of $250 million (the "9.125% Notes"). Pursuant to an Indenture, dated July 2, 1996, HLI (through a predecessor entity) issued 11.875% Senior Subordinated Notes due 2006 (the "11.875% Notes"). The 8.25% Notes, 9.125% Notes and the 11% Notes (collectively, the "Notes") remained outstanding as of October 31, 2000. Each of the holders of the Notes has an unsecured claim that is allowable and such holders had standing to challenge the Transfers to the Shareholder Defendants. The Trustee

and the Creditor Trust stand in the shoes of unsecured creditors (such as the notcholders) pursuant to Section 544(b) of the Bankruptcy Code, the Modified Plan and the Order.

70.    On December 5, 2001, HLI and several of its domestic and foreign subsidiaries filed voluntary petitions under chapter 11 of the Bankruptcy Code with the Bankruptcy Court.

71.    Trustee has commenced this action within the time period required by the applicable statutes of limitations.

### FIRST CLAIM FOR RELIEF
**(Against Each Of The Shareholder Defendants)**

### AVOIDANCE AND PRESERVATION OF FRAUDULENT CONVEYANCES
### PURSUANT TO N.Y. DEBT. & CRED. LAW § 270, *et seq.* AND 11 U.S.C. § 544

72.    Trustee repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

73.    In making the Transfers, HLI conveyed property to or for the benefit of Shareholder Defendants in the aggregate amount of at least $3,976,250 and in the individual amounts referenced for each Shareholder Defendant on Exhibit A.

74.    The Transfers to the Shareholder Defendants were made while HLI was insolvent, or, in the alternative, HLI was rendered insolvent by such Transfers.

75.    The Transfers were made without fair consideration.

76.    Trustee is entitled to avoid the Transfers as fraudulent conveyances, pursuant to Section 273 of the New York Debtor and Creditor Law and Section 544(b)(1) of the Bankruptcy Code, for the preservation and benefit of the Creditor Trust, pursuant to Section 551 of the Bankruptcy Code.

### SECOND CLAIM FOR RELIEF
**(Against All Defendants)**

### RECOVERY AND TURNOVER OF VALUE OF
### AVOIDED TRANSFERS PURSUANT TO 11 U.S.C. §§ 542 AND 550

77.     Trustee repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

78.     Upon avoidance of the Transfers as fraudulent conveyances under the First Claim for Relief of this Complaint, Trustee is entitled to turnover of the value of the avoided Transfers by Defendants as an immediate or mediate transferee pursuant to Section 550(a) of the Bankruptcy Code.

### THIRD CLAIM FOR RELIEF
**(Against Each Of The Shareholder Defendants)**

### UNJUST ENRICHMENT

79.     Trustee repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

80.     The Shareholder Defendants have been enriched by obtaining and retaining property from HLI in the form of the Proceeds in the amount of at least $3,976,250.

81.     The Shareholder Defendants have benefited by obtaining and holding such Proceeds.

82.     The enrichment of the Shareholder Defendants comes at the expense of HLI and its creditors.

83.     In equity and good conscience, the Shareholder Defendants should not be allowed to retain the Proceeds.

84.     Trustee is entitled to recover the Proceeds in the aggregate amount of at least $3,976,250 (and in the individual amounts referenced for each of the Shareholder

12

Defendants on Exhibit A) under the doctrine of unjust enrichment and Section 544 of the Bankruptcy Code.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff Avidity Partners, LLC, as Trustee for and on behalf of HLI Creditor Trust, prays the Court enter judgment against Defendants as follows:

(i)       On its FIRST CLAIM FOR RELIEF, for a judgment against each of the Shareholder Defendants avoiding the Transfers as fraudulent conveyances, pursuant to Section 273 of the New York Debtor and Creditor Law and Section 544(b)(1) of the Bankruptcy Code, for the preservation and benefit of HLI Creditor Trust, pursuant to Section 551 of the Bankruptcy Code;

(ii)      On its SECOND CLAIM FOR RELIEF, for a judgment against each of the Shareholder Defendants in an amount to be proven at trial, but in no event less than the aggregate amount of $3,976,250 and, with respect to each Shareholder Defendant, the individual amounts referenced for each such Shareholder Defendant in Exhibit A, plus any applicable prejudgment interest and/or attorneys' fees and costs, and ordering Defendants to turn over to the Creditor Trust the avoided Transfers in the amount of at least $3,976,250 in the aggregate and, with respect to each shareholder defendant, the individual amounts referenced for each such shareholder in Exhibit A, plus any applicable prejudgment interest and/or attorneys' fees and costs, pursuant to Sections 542 and 550 of the Bankruptcy Code;

(iii)     On its THIRD CLAIM FOR RELIEF, for a judgment against each of the Shareholder Defendants ordering restitution of an amount to be proven at trial, but in no event less than $3,976,250 in the aggregate and, with respect to each shareholder defendant, the individual amounts referenced for each such shareholder in Exhibit A, plus any applicable prejudgment interest and/or attorneys' fees and costs; and

(iv)   For such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       December 4, 2003

KING & SPALDING LLP

By: _Susan F. DiCicco_
       Susan F. DiCicco  (SD 8013)
       Robert Stark (RS 3575)
       Colleen J. O'Loughlin (CO 3958)
Office and Post Office Address:
1185 Avenue of Americas
New York, New York  10036
Tel:    (212) 556-2100
Fax:    (212) 556-2222

Attorneys for Plaintiff Avidity Partners, LLC as
Trustee for and on behalf of HLI Creditor Trust

14

## EXHIBIT A

| | Quantity | Proceeds | Shareholder Name |
|---|---|---|---|
| 1. | 1,000 | $12,500.00 | Zev Cohen |
| 2. | 800 | $10,000.00 | Esther Cohen-Brooks |
| 3. | 1,500 | $18,750.00 | David Deitsch |
| 4. | 2,000 | $25,000.00 | Deborah Deitsch Felt |
| 5. | 900 | $11,250.00 | Shoshana Deitsch Shotkin |
| 6. | 3,500 | $43,750.00 | AVI Deitsch Trust |
| 7. | 5,000 | $62,500.00 | David Deitsch Trust |
| 8. | 1,000 | $12,500.00 | Benjamin Aryeh Deitsch 1992 Trust |
| 9. | 800 | $10,000.00 | Elie Deitsch Grantor Trust |
| 10. | 30,000 | $375,000.00 | Alfred Feinman |
| 11. | 2,000 | $25,000.00 | Doris L. Frank |
| 12. | 1,250 | $15,625.00 | Lester A. Greenberg & Jan W. Greenberg |
| 13. | 3,750 | $46,875.00 | Myron Greenberg |
| 14. | 1,000 | $12,500.00 | The Alison J. Heffer 1992 Trust |
| 15. | 1,500 | $18,750.00 | The Douglas S. Heffer 1992 Trust |
| 16. | 11,600 | $145,000.00 | Gerald I. Lustig |
| 17. | 6,400 | $80,000.00 | Rosalind F. Lustig |
| 18. | 2,700 | $33,750.00 | Susan Kay McComsey |
| 19. | 29,000 | $362,500.00 | Bess Myerson |
| 20. | 2,000 | $25,000.00 | Patricia D.G. Ramsay 1985 Trust |
| 21. | 5,500 | $68,750.00 | Marian Soafers Children Trust |
| 22. | 500 | $6,250.00 | Kayla Frances Goldman 1997 Trust |
| 23. | 11,000 | $137,500.00 | Jane Heffer Galluzzo Trust |
| 24. | 5,000 | $62,500.00 | Marian B. Scheuer Sofaer Trust |
| 25. | 2,000 | $25,000.00 | Frederick J. Iseman |
| 26. | 2,000 | $25,000.00 | Linda Leroy Janklow |

| | Quantity | Proceeds | Shareholder Name |
|---|---|---|---|
| 27. | 4,000 | $50,000.00 | Morton L. Janklow |
| 28. | 4,500 | $56,250.00 | Janklow Foundation |
| 29. | 1,000 | $12,500.00 | Ana Meier |
| 30. | 1,000 | $12,500.00 | Joseph Meier |
| 31. | 70,000 | $875,000.00 | Helen Kimmel |
| 32. | 9,700 | $121,250.00 | Dorot Foundation |
| 33. | 3,700 | $46,250.00 | Heller Family Foundation |
| 34. | 10,000 | $125,000.00 | The Paestum Foundation Inc. |
| 35. | 20,000 | $250,000.00 | Levien Associates LP |
| 36. | 26,400 | $330,000.00 | Mt. Sinai School of Medicine |
| 37. | 5,500 | $68,750.00 | Linda B. Weingarten |
| 38. | 3,500 | $43,750.00 | Kagan Pension Plan |
| 39. | 1,600 | $20,000.00 | William Josephson |
| 40. | 2,000 | $25,000.00 | Robert Stephan Cohen |
| 41. | 500 | $6,250.00 | Peggy Cohen |
| 42. | 1,500 | $18,750.00 | Lawrence A. Schneck |
| 43. | 4,000 | $50,000.00 | Howard W. Shawn |
| 44. | 900 | $11,250.00 | Gisele Schueller |
| 45. | 2,500 | $31,250.00 | Lois Schwartz |
| 46. | 1,200 | $15,000.00 | Samuel Zucker |
| 47. | 10,900 | $136,250.00 | American Jewish Joint Distribution Committee Inc. |
| | 318,100 | $3,976,250.00 | |